On January 3, 1997, appellant, Geneva Bonner, was operating her vehicle northbound on State Route 13 in Licking County, Ohio. As appellant attempted to make a left hand turn into a driveway, she was struck by a southbound driver, appellee, John Shaver.[1]
On January 24, 1997, appellant filed a complaint against appellee for damages as a result of the accident. On August 18, 1998, appellee filed a motion for summary judgment. By judgment entry filed September 21, 1998, the trial court granted said motion.
Appellant filed an appeal and this matter is now before this court for consideration. Assignment of error is as follows:
I
 THE TRIAL COURT COMMITTED REVERSIBLE ERROR IN GRANTING DEFENDANT'S MOTION FOR SUMMARY JUDGMENT.
 I
Appellant claims the trial court erred in granting summary judgment to appellee. We disagree.
Summary judgment motions are to be resolved in light of the dictates of Civ.R. 56. Said rule has recently been reaffirmed by the Supreme Court of Ohio in State ex rel. Zimmerman v.Tompkins (1996), 75 Ohio St.3d 447, 448:
Appellee's Exhibits C and C1 and Mr. Tanner's affidavit and report along with the photographs establish the following:
1) Appellee was in the right hand turn lane.
 2) Said lane begins to widen into a turn lane 138 feet north of the northern edge of the driveway or area of impact.
 3) The lane is completely formed into a turn lane at the point of impact.
Appellant's argument that appellee must have been off the roadway prior to impact completely disregards the 138 foot measurement of widened roadway. At the point of impact, appellee was clearly in a fully designated right turn lane of travel and was lawfully proceeding on the roadway. Appellant made a left turn into the driveway through oncoming traffic. There is no linkage of the acts or prior acts of appellee with the proximate cause of the accident. Even if appellee was speeding and decelerated prior to impact or was off the roadway prior to entering the clearly designated turn lane, the only proximate cause of the accident was appellant's failure to yield.
We cannot engage in speculation. The facts and the expert opinions presented and undisputed by appellant establish that at impact and for at least 138 feet, appellee had the right of way. The trial court did not err in granting summary judgment to appellee.
The sole assignment of error is denied.
The judgment of the Court of Common Pleas of Licking County, Ohio is hereby affirmed.
By Farmer J., Gwin, P.J. and Edwards, J. concur.
---------------------------
---------------------------
 --------------------------- JUDGES
[EDITORS' NOTE: DRAWING IS ELECTRONICALLY NON-TRANSFERRABLE.]
For the reasons stated in the Memorandum-Opinion on file, the judgment of the Court of Common Pleas of Licking County, Ohio is affirmed.
---------------------------
---------------------------
 --------------------------- JUDGES
[1] For clarification of how the accident occurred, see diagram prepared by S.E.A. Inc. included in appellee's motion for summary judgment and attached herein as Exhibit A.